Mark I. Schlesinger
TROUTMAN SANDERS LLP
One Gateway Center, Suite 2600
Newark, New Jersey 07102
(973) 645-0772
e-mail: mark.schlesinger@troutmansanders.com

*Attorneys for Plaintiff*
*MFC Twin Builders LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MFC TWIN BUILDERS LLC,<br><br>Plaintiff,<br><br>v.<br><br>HENRY DOLOSO FAJARDO, VIRGINIA C. FAJARDO, JESUS EMMANUEL JUAN LIM and PHILLIP DIEP,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT |

Plaintiff MFC Twin Builders, LLC, by its attorneys Troutman Sanders LLP, for its complaint ("Complaint") alleges as follows:

1. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Delaware, authorized to do business in the State of New Jersey and has its principal place of business at 3424 Peachtree Road NE, Suite 2200, Atlanta, Georgia.

2. Upon information and belief, defendant Henry Doloso Fajardo is, and at all times relevant to this Complaint has been, a resident of Fresno County, State of California.

3. Upon information and belief, defendant Virginia C. Fajardo is, and at all times relevant to this Complaint has been, a resident of Fresno County, State of California.

4. Upon information and belief, defendant Jesus Emmanuel Juan Lim is, and at all

1482332v1

times relevant to this Complaint has been, a resident of Los Angeles County, State of California.

5. Upon information and belief, defendant Phillip Diep is, and at all times relevant to this Complaint has been, a resident of Alameda County, State of California.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the plaintiff and all of the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.00.

7. This Court has personal jurisdiction over defendants by virtue of, among other things, the terms of a Guaranty (defined below), pursuant to which defendants consented to the "jurisdiction of any United States Federal or New Jersey State Court sitting in Bergen County, New Jersey . . . ."

8. Venue is proper in this District pursuant to the Guaranty, as that document contains an express waiver by defendants of any objection to venue in this District.

### ALLEGATIONS COMMON TO ALL COUNTS

9. On or about December 9, 2008, JP Unlimited LLC and Twin Builders Services Corp. (collectively, "Borrower") executed a Loan Agreement (the "Loan Agreement") in the original maximum commitment amount of One Million Three Hundred Thousand and No/100 Dollars ($1,300,000.00) with Metro Funding Corp. (the "Loan"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit A and incorporated herein as though set forth in full.

10. On or about December 9, 2008, Borrower also executed a Promissory Note (the "Promissory Note") in the amount of One Million Three Hundred Thousand and No/100 Dollars ($1,300,000.00) in favor of Metro Funding Corp. A true and correct copy of the Promissory

Note is attached hereto as Exhibit B and is incorporated herein as though set forth in full. The maturity date for the Loan was December 8, 2009.

11. In connection with the execution of the Promissory Note and as a material inducement for the Loan, defendants Henry Doloso Fajardo, Virginia C. Fajardo, Jesus Emmanuel Juan Lim and Phillip Diep (collectively referred to herein as "Guarantors") executed a Guaranty of Payment (the "Guaranty") in favor of Metro Funding Corp. A true and correct copy of the Guaranty is attached hereto as Exhibit C and incorporated herein as though set forth in full. Pursuant to the terms of the Guaranty, Guarantors unconditionally guaranteed payment of all of Borrower's indebtedness to Metro Funding Corp., then existing or thereafter incurred or created.

12. The Guaranty, along with the Loan Agreement and the Promissory Note, are collectively referred to herein as the "Loan Documents."

13. On or about December 9, 2008, an assignment of the Loan was made by Metro Funding Corp. to MFC Funding, LLC as evidenced by the Allonge attached to the Note (attached hereto as Exhibit B). By this assignment, Metro Funding Corp. assigned all of its right, title and interest in and to the Loan to MFC Funding, LLC.

14. On or about November 1, 2009, Borrower defaulted and breached its payment obligations under the Loan Documents by failing to make its interest payment due on or before November 1, 2009 along with all Loan payments due thereafter.

15. On November 12, 2009, MFC Funding, LLC's counsel provided a notice of event of default to Borrower and Guarantors based upon Borrower's failure to make its November 1, 2009 interest payment. A true and correct copy of the notice of event of default letter to Borrower and Guarantors is attached hereto as Exhibit D and incorporated herein as though set

forth in full.

16. Pursuant to the notice of event of default letter, counsel advised Borrower and Guarantors that, among other things, the entire principal balance outstanding under the Loan Documents, together with all accrued interest, fees, penalties, costs and other charges, was then due and payable in full.

17. On or about December 8, 2009, an additional event of default occurred under the Loan Documents due to Borrower's failure to pay the Loan in full by the December 8, 2009 maturity date for the Loan.

18. On or about February 7, 2011, an assignment of the Loan was made by MFC Funding, LLC to MFC Real Estate, LLC as evidenced by the Second Allonge attached to the Note (attached hereto as Exhibit B). By this assignment, MFC Funding, LLC assigned all of its right, title and interest in and to the Loan to MFC Real Estate, LLC.

19. On or about August 26, 2011, an assignment of the Loan was made by MFC Real Estate, LLC to Plaintiff. By this assignment, MFC Real Estate, LLC assigned all of its right, title and interest in and to the Loan to Plaintiff. A true and correct copy of the assignment is attached hereto as Exhibit E and is incorporated herein as though set forth in full.

20. The total amount of the indebtedness currently owed to Plaintiff is the outstanding principal balance of $1,231,912.28, together with unpaid accrued interest, attorneys' fees, penalties, charges and other costs of collection, all of which continue to accrue.

21. As a result of the default of Borrower under the Loan Documents, Plaintiff is entitled to exercise all of its rights and remedies as provided in the Loan Documents and under applicable law.

22. Under the Loan Documents, Guarantors agreed that if any action were instituted

on the Loan Documents, they would be responsible for payment of Plaintiff's attorneys' fees and costs. Because of the defaults alleged herein, it has become necessary for Plaintiff to employ counsel and to incur fees and costs related thereto. Plaintiff will seek the amount of such attorneys' fees and costs paid to its counsel according to proof at the time of trial.

## FIRST COUNT

### (For Breach of Written Guaranty Against Guarantors )

23. Plaintiff repeats and realleges paragraphs 1 through 22, inclusive, of this Complaint as though set forth in full.

24. Plaintiff has performed each and every covenant and obligation required of it under the Loan Documents, except such covenants and obligations as may have been excused by the actions or conduct of Guarantors, and each of them, or by operation of law.

25. As a direct and proximate result of Borrower's default under the Loan Documents as described above, Plaintiff has sustained and is entitled to compensatory and consequential damages from Guarantors in an amount not less than the outstanding principal balance of $1,231,912.28, together with all accrued interest, fees, costs and other charges now due and payable in full.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Compensatory and consequential damages in the amount of not less than $1,231,912.28 together with all accrued interest, fees, costs and other charges now due and payable in full, according to proof at trial;

2. Prejudgment interest in accordance with the Loan Documents or at the maximum

rate allowed by applicable law;

3. Costs of suit incurred herein;

4. Attorneys' fees and other costs of collection; and

5. Such other and further relief as the Court deems just and proper.

TROUTMAN SANDERS LLP

By: s/Mark I. Schlesinger
Mark I. Schlesinger

*Attorneys for Plaintiff
MFC Twin Builders LLC*

Dated: March 22, 2012